Leslie NEMIROVSKY, Appellee

v.

Stephen NEMIROVSKY,

Appeal of Sun Machinery Corporation.

Leslie Nemirovsky, Appellee

v.

Stephen Nemirovsky,

Appeal of East Penn Machinery Co., Appellant/Intervenor.

Superior Court of Pennsylvania.

Argued Dec. 5, 2000.

Decided May 3, 2001.

1. As this Court stated in *Bergdoll v. Kane,* 557 Pa. 72, 731 A.2d 1261, 1262 (1999), "[t]he Constitution is specific in providing a complete and detailed process for the amendment of that document .... [and] [n]othing short of literal compliance with this mandate will suffice." 557 Pa. at 87, 731 A.2d at 1270. Moreover, the constitutional requirement that amendments be voted upon separately is integral to insuring that voters have an adequate opportunity to express their will concerning modifications to the fundamental law of our Commonwealth. *See Commonwealth ex rel. v. Beamish,* 309 Pa. 510, 164 A. 615 (1932); *Pennsylvania Prison Society v. Commonwealth of Pennsylvania,* 727 A.2d 632, 634–35 (Pa. Cmwlth.1999).

Aman M. Barber, III, Shippack, for appellants.

Daniel S. Bernheim, Philadelphia, for Leslie Nemirovsky, appellee.

Before JOHNSON, TODD and BECK, JJ.

BECK, J.:

¶ 1 The present appeals stem from an order denying the petitions to intervene in a divorce action filed on behalf of appellants Sun Machinery Corporation and East Penn Machinery Company. Given the identical factual background and nearly identical issues, resolution of the two appeals can best be accomplished in a single opinion.

¶ 2 These appeals arose out of an underlying divorce action between appellee, Leslie Nemirovsky and Stephen Nemirovsky. The Nemirovskys were married on October 17, 1987. The marriage produced two children. Prior to the marriage, Stephen Nemirovsky created two companies, Quaker City Machinery ("QCM") and Quaker City Machinery of Delaware ("QCMD"), that were in the business of purchasing and selling used industrial equipment. On April 17, 1998, QCM borrowed $200,000.00 from National Penn Bank for the purpose of buying a large piece of equipment. The loan was secured by the inventory and equipment of QCM and QCMD, which was stored at two warehouses. One warehouse was located in Philadelphia and the other in Lester, Pennsylvania. National Penn Bank also required that the Nemirovskys guarantee the loan through a mortgage creating a lien upon the marital home.

¶ 3 Leslie Nemirovsky filed a complaint for divorce on September 16, 1998. Following the filing of the divorce complaint Stephen Nemirovsky absconded to Mexico. He has failed to pay child support or make payments on the National Penn Bank loan. As a result of non-payment of the loan, National Penn Bank confessed judgment against QCM, QCMD and the Nemirovskys, seeking mortgage foreclosure of the marital home. On December 14, 1998, Leslie Nemirovsky filed a motion for special relief, seeking in part to prevent Stephen Nemirovsky from dissipating the assets of QCM and QCMD. In response to the motion and after a hearing, the trial court issued an order on January 13, 1999 in the nature of a preliminary injunction, which sealed the warehouses in Philadelphia and Lester and secured arrangements for the sale of the equipment contained in the warehouses.

¶ 4 On February 2, 1999 Sun Machinery Corporation filed a petition to intervene in the action. Sun Machinery is owned by Larry and Anita Nemirovsky. On April 29, 1999, East Penn Machinery filed a petition to intervene. Both Sun Machinery and East Penn Machinery claimed ownership interest in equipment stored in

the Philadelphia and Lester warehouses.[1] On October 13 through 15, 1999 the trial court conducted a hearing on the petitions to intervene. The trial court entered an order on December 13, 1999 denying the petitions. Both appellants subsequently filed motions for reconsideration and motions for a new trial. On January 10, 2000, the trial court denied Sun Machinery's and East Penn Machinery's motion for reconsideration. Both appellants filed their notices of appeal on January 12, 2000. On February 15, 2000 following oral argument, the trial court denied appellants' motions for new trial.

■ ¶ 5 We must initially decide whether the December 13, 1999 order is appealable before we can examine the merits of the appeals. "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P.311), from a final order (Pa.R.A.P.341), from a collateral order (Pa. R.A.P. 313), or from an interlocutory order by permission (Pa. R.A.P. 31[2], 1311, 42 Pa.C.S.A. § 702(b))." *Smitley v. Holiday Rambler Corporation,* 707 A.2d 520, 524 (Pa.Super.1998)(quoting *Continental Bank v. Andrew Bldg. Co.,* 436 Pa.Super. 559, 648 A.2d 551, 553 (1994)). This appeal is not taken from an interlocutory order as of right. *See* Pa. R.A.P. 311. Nor have appellants sought permission to appeal from an interlocutory order. As to whether the Order is final, the Official Note to Rule 341 explains that an order denying a petitioner the right to intervene no longer may be deemed a final order within the meaning of Rule 341, following the 1992 amendments to that Rule. *Larock v. Sugarloaf Township Zoning Hearing Board,* 740 A.2d 308, 311 (Pa.Cmwlth.1999). The Official Note further explains that such an order might fall

under Pa.R.A.P. 313, relating to collateral orders. Unless the Order can be characterized as a collateral order under Pa. R.A.P. 313, this appeal must be quashed.

■ ¶ 6 Section (b) of Rule 313 defines a collateral order as an order (1) separable from and collateral to the main cause of action where (2) the right involved is too important to be denied review and (3) the question presented is such that if review is postponed, until final judgment in the case, the claim will be irreparably lost. To benefit from the collateral order doctrine, an order must satisfy all three elements. *Keefer v. Keefer,* 741 A.2d 808 (Pa.Super.1999).

¶ 7 Appellants argue that the order is appealable under the collateral order rule. In the instant case, the order is clearly separate from and collateral to the underlying divorce action. Our Supreme Court has explained that for purposes of defining an order as a collateral order under Rule 313, the issue must involve rights deeply rooted in public policy beyond the particular litigation. *Geniviva v. Frisk,* 555 Pa. 589, 598, 725 A.2d 1209, 1214 (1999). It is beyond peradventure that the right involved—the right to property-is deeply rooted in public policy. Furthermore, any rights the appellants may have to the property will be irreparably lost if review is postponed until final judgment in the underlying divorce action because the property will be sold to satisfy the National Penn Bank loan. Therefore, the order denying intervention is appealable as a collateral order.

■ ¶ 8 Turning to the merits of the appeals, it is well established that a "question of intervention is a matter within the sound discretion of the trial court and

---

1. Sun Machinery claims an ownership interest in 78 pieces of equipment stored at the Philadelphia warehouse. East Penn Machinery claims ownership interest in 5 piece of equipment in the Philadelphia warehouse, as well as equipment at the Lester warehouse.

unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." *Wilson v. State Farm Mutual Auto. Ins. Co.*, 512 Pa. 486, 492, 517 A.2d 944, 947 (1986). In ruling on a petition to intervene, the trial court is required to determine whether "the allegations of the petition have been established" and, assuming that they have, whether they demonstrate an interest sufficient to justify intervention. *Marion Power Shovel Co., Division of Dresser Industries, Inc. v. Fort Pitt Steel Casting Co., Division of Conval–Penn, Inc.*, 285 Pa.Super. 45, 426 A.2d 696 (1981). The determination of who may intervene in an action and when that intervention may be prohibited is determined by Pa.R.C.P. 2327 and 2329. Rule 2327 states:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or an officer thereof; or
>
> (3) such a person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

Pa.R.C.P. 2327. Appellants contend that they have the right to intervene under 2327(2) and (4) based on their claims of ownership of certain equipment located in the Philadelphia and Lester warehouses. Appellants also submit that they cannot be excluded from intervening in the suit because they do not fall into one of the three categories set forth in Pa.R.C.P. 2329, which provides:

> Upon the filing of the petition and after hearing, of which notice shall be given to all parties, the court, if the allegations of the petitions have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
>
> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
>
> (2) the interest of the petitioner is already adequately represented; or
>
> (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2329. Appellants claim that since Leslie Nemirovsky has neither raised nor proven any of the grounds listed above, they were entitled to the right to intervene. However, the trial court found that appellants did not establish that they belonged to any of the categories listed in Rule 2327. The trial court found that neither appellant had any legally enforceable property interest in the equipment stored at the two warehouses. The core issue, therefore, is whether the trial court abused its discretion in finding that appellants did not establish an ownership interest in the equipment in dispute.

¶ 9 Both appellants argue the trial court's order denying their petitions to intervene was against the weight of the evidence. They insist that they both presented credible evidence of ownership. Appellants maintain Leslie Nemirovsky presented no credible evidence to support her claim that the equipment was part of

the marital estate or to rebut their credible evidence.

¶ 10 To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; not, however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion ...." *Thompson v. City of Philadelphia,* 507 Pa. 592, 600, 493 A.2d 669, 673 (1985)(quoting *Exner v. Gangewere,* 397 Pa. 58, 60, 152 A.2d 458, 460 (1959)). A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. *Martin v. Evans,* 551 Pa. 496, 711 A.2d 458, 461 (1998); *Turney Media Fuel Inc. v. Toll Brothers,* 725 A.2d 836 (Pa.Super.1999). It is beyond argument that the fact-finder is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence. *Gunn v. Grossman,* 748 A.2d 1235, 1239 (Pa.Super.2000).

¶ 11 With regard to Sun Machinery, officer and shareholder Larry Nemirovsky testified that his company, rather than his son's company-QCM, had purchased the numerous pieces of machinery and equipment that were the subject of the petition to intervene. However, the trial court did not find his testimony or the evidence he presented persuasive or credible. Trial Court Opinion, 3/24/00, at 2. As the fact-finder, the trial court was free to reject the credibility of Larry Nemirovsky. *Gunn,* 748 A.2d at 1239. After our review of the record, we find no reason to substitute our judgment for that of the trial court as factfinder and disturb its credibility determination.

¶ 12 Regarding East Penn Machinery, the company's shareholder, Edward O. Flick, testified that he purchased the subject equipment and subsequently sold a 50% interest in it to Stephen Nemirovsky's company, Quaker City Machinery. East Penn Machinery alleged that it would have a claim for the percentage of the net proceeds received by Quaker City Machinery as a result of any sales of the equipment. The trial court found that based on the evidence, East Penn Machinery had no ownership interest in the property in question. Rather, the court found that at the most East Penn Machinery would simply be an unsecured creditor of Quaker City Machinery. The trial court pointed to evidence that established that in the event any of the claimed equipment would be sold the seller would be Quaker City Machinery, who would issue a bill of sale to the purchaser. Our review of the record supports the trial court's findings and conclusions. East Penn Machinery failed to establish sufficiently that it owned the subject property in order to be included in the category of persons represented by Rule 2327(2) or (4). As East Penn Machinery did not come within one of the classes of persons entitled to intervene, we find the trial court correctly denied East Penn Machinery's petition.

¶ 13 Next, both appellants argue the trial court erred in placing the initial burden of proof of ownership of the equipment on them. They further submit that even if the burden was initially theirs the trial court erred in failing to shift the burden of proof of ownership to Leslie Nemirovsky after they provided credible evidence they owned the property in question.

¶ 14 The issue before the trial court was whether appellants' petitions to

intervene in Leslie Nemirovsky's divorce action should be granted. It was appellants' burden to show that all the requirements of intervention under Rule 2327 were met. *Egenrieder v. Ohio Casualty Group,* 399 Pa.Super. 86, 581 A.2d 937, 942–943 (1990). In order for their petitions to intervene to be granted, appellants had to establish as true all allegations properly needed to be included in the category of persons or things represented by Rule 2327(2) or (4). As both Sun Machinery and East Penn Machinery failed to establish that they had an ownership interest in the equipment in question, appellants could not be "so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or an officer" under rule 2327(2). Likewise, neither of the appellants could intervene under Rule 2327(4) because they had no legally enforceable interest to be affected. Because appellants failed in their burdens of proof, the trial court was not required to shift the burden to Leslie Nemirovsky.

¶ 15 Finally, both appellants argue the trial court had no jurisdiction over the items of property which were the subject of the petitions to intervene. Appellants insist the trial court had no *in rem* jurisdiction over the equipment because it was not located in Montgomery County. Appellants fail to cite any caselaw. Furthermore, appellants' claims pertaining to this issue consists entirely of a cursory, four sentence argument. As such, we find this issue waived. *See* Pa.R.A.P. 2101, 2119(a); *Drum v. Shaull Equipment & Supply Co.,* 760 A.2d 5, 16, n. 4 (Pa.Super.2000) (holding claim of error waived where appellants did not develop argument or cite to any case law in support of it); *Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995)(holding review of issues precluded since appellant provided merely general, unsupported statements in brief, and little or no citation to relevant caselaw).

¶ 16 Order affirmed.