## Spector Gadon & Rosen P.C. v.
## Valero Terrestrial Corp.

C.P. of Philadelphia County, no. 899.

*Brooke C. Madonna,* for appellee.
*Albert A. DeGennaro,* for appellants.

JELIN, *J.,* May 22, 2003—The plaintiff, appellee, brought this action against defendants to recover unpaid legal fees. Defendants filed a counterclaim to recover damages resulting from plaintiff's alleged breach of contract.

This case was tried before a jury and a verdict was recorded on April 26, 2002, in favor of plaintiff in the amount of $205,000; and in favor of defendants on the counterclaim, in the amount of $46,000.

Defendants filed post-trial motions on May 3, 2002. Plaintiff filed post-trial motions on May 6, 2002. A hearing was held on March 20, 2003, at which time this court denied defendants' and plaintiff's post-trial motions. Defendants filed their notice of appeal on April 14, 2003.

In their statement of matters complained of on appeal, defendants contend: this court erred by instructing the jury on the definitions of trial, summary judgment, and declaratory judgment; this court erred in not granting judgment n.o.v.; and this court erred in not modifying the verdict. *Id.*

In the instant case, Mr. Bruce Thall, Esquire,[1] and defendants entered into a written contract for legal representation. The contract contained a fee cap for work "up through trial of the issues." One of the issues for the jury to decide was when in fact the "trial" of the issues occurred.

---

1. Mr. Thall was subsequently hired by plaintiff, Spector Gadon & Rosen P.C.

Defendants contend it was error for this court to let the jury interpret the word "trial" because it is not ambiguous and the court is required to interpret unambiguous terms. "A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Thomas Rigging & Construction Co. Inc. v. Contraves Inc.*, 798 A.2d 753, 756 (Pa. Super. 2002). (citations omitted) "The court, as a matter of law, determines the existence of an ambiguity and interprets the contract whereas the resolution of conflicting parol evidence relevant to what the parties intended by the ambiguous provision is for the trier of fact." *Id.*

In the instant case, this court determined the phrase "up through trial" to be ambiguous because the word "trial" can have various definitions as evidenced by the array of interpretations presented in this case. It was therefore, proper for the jury to determine what the parties intended by the phrase "up through trial." Hence, this court did not err in sending that issue to the jury.

Defendants contend the court should not have instructed the jury with the definitions of "trial," "summary judgment," and "declaratory judgment." "A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission which amounts to fundamental error." *Machado v. Kunkel*, 804 A.2d 1238, 1244 (Pa. Super. 2002) (quoting *Boutte v. Seitchik*, 719 A.2d 319, 324-25 (Pa. Super. 1998)).

In the instant case plaintiff and defendants presented a memorandum opinion authored by the Honorable Frederick P. Stamp Jr., United States District Court for

the Northern District of West Virginia,[2] which resolved the issues covered by the contract entered into between the parties. Judge Stamp, however, referred to his order as a "summary judgment" in one portion of the opinion, and a "declaratory judgment" in another portion of the opinion. This court could not expect the jury to resolve the conflicting evidence regarding the meaning of the word "trial" without understanding the terminology being presented throughout the trial. After thoroughly reviewing the rules and definitions submitted by all counsel, this court determined that instructing the jury on the definitions of trial, summary judgment, and declaratory judgment, per Blacks Law Dictionary, would be the most beneficial for the jury.

Defendants contend this court erred in not granting judgment n.o.v. after the jury verdict because the motion for declaratory relief in the *McCoy* case[3] was considered a summary judgment motion and therefore was a pretrial disposition and should have been within the fee cap. The determination of when the "trial" of the issues occurred was an issue for the jury. "Entry of judgment n.o.v. on the basis of evidentiary insufficiency is appropriate only in a clear case, where the facts are such that no two reasonable minds could fail to agree that the verdict was improper." *Andaloro v. Armstrong World Industries Inc.,* 799 A.2d 71, 86 (Pa. Super. 2002) (quoting *Coward v. Owens-Corning,* 729 A.2d 614, 622 (Pa. Super. 1999)). This is not such a case. Hence, judgment n.o.v. was not warranted.

---

2. District court memorandum opinion and order dated September 17, 1997.

3. The *McCoy* case was one of the cases covered under the contract between plaintiff and defendants.

Defendants contend this court erred in not modifying the verdict because it was inconsistent for the jury to find that plaintiff breached the contract by failing to include in its complaint a challenge to the landfill closure fee, yet included as part of its award to plaintiff, legal fees for the reconsideration petition and petition to amend the landfill closure fee challenge. Defendants' argument is based on the premise that the jury accepted defendants' version of the facts. A jury is free to accept all, part or none of the evidence presented. *Nemirovsky v. Nemirovsky*, 776 A.2d 988 (Pa. Super. 2001). The jury apparently accepted portions of the evidence presented by the plaintiff, as well as portions of the evidence presented by defendants. Hence, it was not an inconsistent verdict.

Defendants contend that the time billed by plaintiff for preparation of its attorney fee petition should not have been included in the damage award, therefore this court should have molded the verdict. "The duty of assessing damages is within the province of the fact-finder and should not be interfered with unless it clearly appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence." *Sehl v. Vista Linen Rental Service Inc.,* 763 A.2d 858, 864 (Pa. Super. 2000). Whether the time billed by plaintiff for preparing its counsel fee petition was part of the contract was clearly an issue for the jury. This court finds no reason to warrant disturbing their finding.

For all of the above reasons, the judgment should be affirmed.