**Kornegay v. Interstate Brands Corp.**

*George R. Szymanski Jr.* and *Ronald S. Pollack,* for plaintiff.

*Mark T. Gallagher* and *Andrew R. Benedict,* for defendants.

MOSS, *J.,* March 23, 2011—Plaintiff, Maurice Kornegay, brought suit against defendants, Interstate Brands Corporation and Stanley Socha, for damages incurred as a result of an alleged civil assault and battery. Plaintiff alleged that defendant, Stanley Socha, hit plaintiff in his left shoulder, causing permanent injuries to that shoulder.

Plaintiff worked as a truck driver at defendant,

Interstate Brands Corporation. Following a period of time off for a prior work injury and a surgical procedure on his left shoulder, plaintiff returned to work on modified light duty on June 22, 2005. While recovering, plaintiff had been assigned to sedentary desk work in the driver's room.

On July 22, 2005, plaintiff was still working on modified light duty when his supervisor, defendant Socha, entered the dispatcher room and made contact with plaintiff's left shoulder. Plaintiff alleged that defendant Socha attacked him from behind, grabbed and squeezed his left arm, and punched him in his left shoulder. Defendant alleged that he brushed the back of his hand against plaintiff's arm to get his attention. Plaintiff then brought this lawsuit against defendants, claiming that he sustained substantial injuries and required a second surgery to his left shoulder as a result of the contact.

This two-day jury trial commenced before the Honorable Sheldon C. Jelin on September 21, 2010.

On September 22, 2010, the jury returned a defense verdict. The jury found that defendant had committed civil assault or battery upon the plaintiff. However, the jury found that the civil assault or battery had not caused any injuries to the plaintiff.

Plaintiff then filed a motion for post-trial relief, which was denied on November 22, 2010.

Plaintiff now appeals the trial court's order of November 22, 2010, denying plaintiff's motion for post-trial relief.

PLAINTIFF'S MATTERS COMPLAINED OF ON

## APPEAL

Plaintiff complains of two matters on appeal. The court will address each one separately.

1. *"It is maintained that the jury's verdict that defendant Stanley Socha's civil assault or battery upon plaintiff Maurice Kornegay did not cause injuries to the plaintiff is against the weight of the evidence, was a product of bias, passion, prejudice, partiality or corruption against the plaintiff and was so contrary to the evidence that it shocks one's sense of justice."*

Plaintiff sought a new trial on the issue of damages on the basis that the verdict was against the weight of the evidence. Plaintiff contends that the jury's decision that the civil assault or battery did not cause any injuries is contrary to the medical evidence.

A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. *Nemirovsky v. Nemirovsky*, 776 A.2d 988, 993 (Pa. Super. 2001). A trial court's decision on a weight of the evidence claim will not be reversed unless the trial court acted capriciously or palpably abused its discretion. *Wagner v. Anzon, Inc.*, 684 A.2d 570, 578 (Pa. Super. 1996).

Attorneys shall hand copies of requested points for charge to the trial judge and to the opposing attorneys before the closing addresses to the jury are begun. A requested point for charge that was presented to the trial judge becomes part of the record when the point is read

314

into the record, or filed in the office of the prothonotary prior to filing a motion for post-trial relief regarding the requested point for charge. Pa.R.C.P. 226.

Here, a written proposed charge was never submitted by the plaintiff, in violation of the court's order. The only thing plaintiff requested at the charging conference was the "eggshell charge, aggravation of a pre-existing condition." (N.T. 9/21/10, p. 134) This charge was never made known to opposing counsel. (N.T. 9/21/10, p. 134-135) Additionally, plaintiff's proposed points for charge were never filed of record.

Because the charge at issue was neither timely requested nor filed of record, the court did not instruct the jury with respect to aggravation of a pre-existing condition. The charges delivered to the jury were proper and well within the court's discretion.

## CONCLUSION

As a result of the foregoing, this court respectfully requests that the order dated November 22, 2010, which denied plaintiff's motion for post-trial relief, be affirmed.