J-A17029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF FRANKLIN A. HAWK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CAROL CALLANAN, CO-EXECUTRIX AND RESPONDENT | No. 2858 EDA 2014 |

Appeal from the Order Dated September 3, 2014
In the Court of Common Pleas of Northampton County
Orphans' Court at No(s): C-0048-OC-2012-0392

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 18, 2015**

Carol Callanan, co-administrator of the Estate of Franklin A. Hawk (Decedent), appeals from the September 3, 2014 orphans' court order that denied her exceptions to the court's granting of her co-administrator's claim for fair rental value of Decedent's home by order of June 4, 2014. We quash this appeal due to a lack of jurisdiction.

In its order and opinion denying the exceptions filed by Ms. Callanan in this matter, the orphans' court provided the following factual and procedural background involving this appeal. The court stated:

> On February 28, 2012, Decedent Franklin Hawk died intestate, survived only by his two daughters, Annette Harka and Carol Callanan. On March 22, 2012, Letters of Administration were granted to both women naming them co-administrators of Decedent's Estate. On June 4, 2014, the Court issued a ruling on a petition filed by Ms. Harka, pursuant to which she brought actions for waste and fair rental value against Ms. Callanan, who resided in Decedent's home from before his death until just before the sale of the property [on March 5, 2014,] by virtue of the administration of the estate.

In [the] written decision, [dated June 4, 2014,] the [c]ourt denied the waste claim, but granted the claim for fair rental value. Therein, the [c]ourt also addressed and denied the oral motion of counsel for Ms. Callanan, seeking the undersigned's recusal from this matter. On June 16, 2014, Ms. Callanan filed exceptions to the [c]ourt's order[, which the court denied on September 3, 2014.]

Orphans' Court Order and Statement of Reasons (OCO), 9/3/14, at 1.

Thereafter, on September 11, 2014, Ms. Harka submitted an accounting and a schedule of distribution. The matter was placed on the September 26, 2014 audit list. Also on September 26, 2014, Ms. Callanan filed a notice of appeal with this Court from the September 3, 2014 order. As a result of Ms. Callanan's objections to the accounting, and because of the pending appeal with this Court, the accounting has not been confirmed and no distribution has been made.

Ms. Callanan sets forth the issues she raises in her appeal as follows:

A. Is there any legal basis—either under Title 20, or under Title 68—for [Ms. Harka's] original request?

B. If there is some legal basis for [Ms. Harka's] original request, did [Ms. Harka] meet the legal standards for awarding a sum of money from one heir to the other heir?

C. Should the judge have recused himself?

Ms. Callanan's brief at 5.

Before we may reach the merits of Ms. Callanan's issues, we note that, on November 17, 2014, Ms. Harka filed with this Court a motion to quash Ms. Callanan's appeal. This Court denied the motion without prejudice, allowing Ms. Harka to again raise the quashal issue before this panel at

argument.  ***See*** Superior Court Order, 1/2/15.  Essentially, Ms. Harka

contends that the order appealed from here is not a final order under

Pa.R.A.P. 341 ("Final Orders; Generally") and, therefore, it is an

interlocutory order that is not appealable.  Ms. Harka also relies on Pa.R.A.P.

342 ("Appealable Orphans' Court Orders"),[1] claiming that while certain

interlocutory orders issued by an orphans' court are appealable as of right,

---

[1] Rule 342 provides:

**Rule 342.  Appealable Orphans' Court Orders**

**(a) General rule**.  An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
(2) An order determining the validity of a will or trust;
(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
(4) An order interpreting, modifying, reforming or terminating a trust;
(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
(6) An order determining an interest in real or personal property;
(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188 or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

the order in question here does not fit within the confines of Rule 342. In her response to the motion to quash, Ms. Callanan contends that the September 3, 2014 order is appealable under Pa.R.A.P. 313, as a collateral order.[2] Therefore, we must address the appealability of the order from which this appeal was taken, before we are permitted to address any issues Ms. Callanan has raised.

We recognize that a "question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004). Orders that would otherwise be deemed interlocutory may be appealable as collateral orders pursuant to Rule 313. Rule 313 provides as follows:

**Rule 313.  Collateral Orders**

   **(a)  General rule.**  An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

   **(b)  Definition.**  A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.  Moreover,

_____

[2] Ms. Callanan also cites Rule 342(a)(6) and Rule 342(a)(8) as support for her position against the quashal of her appeal. **See** Footnote 1, *supra*. We conclude that the order appealed from in this case does not fall within the confines of either subsection. Neither of Ms. Callanan's issues deals with an interest in real or personal property; nor do they fall within a rule in Chapter 3.

[i]n interpreting Pa.R.A.P. 313, we have held that **all three elements of Rule 313(b) must be met**, namely that the order is: (1) separable from and collateral to the main cause of action where, (2) the right involved is too important to be denied review, and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. ***Nemirovsky v. Nemirovsky***, 776 A.2d 988, 991 (Pa. Super. 2001). Pa.R.A.P. 313 is to be narrowly construed to prevent the collateral order doctrine from subsuming the fundamental precept that only final orders are appealable. ***Van der Laan v. Nazareth Hosp.***, 703 A.2d 540, 541 (Pa. Super. 1997).

***Gunn v. Automobile Ins. Co. of Hartford***, 971 A.2d 505, 509 (Pa. Super. 2009) (emphasis added). In other words, if one of the elements is not met, this Court does not have jurisdiction and the appeal must be quashed. ***See Jacksonian***, 862 A.2d at 1282 (quashing the appeal because the order failed the importance prong and the court did "not need to address the third prong of the collateral order rule").

Here, we focus on the third prong of Rule 313, *i.e.*, "if review [of the question] is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Ms. Callanan's first two issues relate to the award to Ms. Harka of the fair rental value of Decedent's residence for the period of time Ms. Callanan lived there. The third issue concerns Ms. Callanan's oral request for the recusal of the orphans' court judge. None of these issues raised by Ms. Callanan in her appeal will be irreparably lost if they are postponed until a final decree is entered in this estate matter. Simply stated, both the fair market rental value claim and the recusal issue can be reviewed after the accounting is confirmed and a final decree is

entered. Ms. Callanan makes no argument that if review is postponed until final judgment in the case, these claims will be irreparably lost. She has failed to meet the third prong of the collateral order test. Accordingly, we conclude that we lack jurisdiction to entertain Ms. Callanan's appeal from the orphans' court's September 3, 2014 order. We must, therefore, quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015