J-A06028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DILLE FAMILY TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: THE NOWLAN FAMILY | : | |
| TRUST AND BUCK ROGERS | : | |
| COMPANY | : | |
| | : | |
| | : | |
| | : | No. 1326 WDA 2022 |

Appeal from the Order Entered October 14, 2022
In the Court of Common Pleas of Lawrence County
Civil Division at No(s):  43 of 2019, O.C.

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: May 16, 2024**

The Nowlan Family Trust ("NFT") and Buck Rogers Company ("BRC") (collectively "Appellants") appeal from the October 14, 2022, order denying their request to expand the scope of their intervention into the litigation of the Dille Family Trust ("DFT"). After careful review, we reverse and remand to the orphans' court to allow Appellants to expand the scope of their intervention.

A previous panel of this Court set forth the relevant factual and procedural history as follows:

> This matter has a complex history and stems from a dispute over the situs of the Dille Family Trust ("DFT" or "Trust") and whether Ms. Geer is the legitimate Trustee of the DFT. We glean the following facts and procedural background relevant to this appeal from the record. The DFT was created by Robert C. Dille ("Mr. Dille") and Virginia N. Dille ("Mrs. Dille") (collectively "Settlors") on August 16, 1979, in the state of California, and amended on January 5, 1982. Settlors were the original Trustees of the DFT. Their children, Lorraine and Robert [(collectively "Beneficiaries")], are the Trust's sole beneficiaries. Upon the death

of Mr. Dille on March 30, 1983, Arthur Martin became a Co-Trustee with Mrs. Dille. On February 1, 1989, the Beneficiaries and the Co-Trustees executed a document transferring the situs of the DFT to Illinois. Upon Mrs. Dille's death in February of 2009, Mr. Martin became the sole Trustee.

On March 8, 2011, Mr. Martin resigned from his position as Trustee and, pursuant to the terms of the DFT, Dennis Fox was to be appointed as the successor Trustee. Mr. Fox, however, never acted in his capacity as Trustee of the DFT and submitted his resignation from the position on May 4, 2011. American Guarantee & Trust Company (n/k/a RBC Trust Company) was the last-named successor Trustee listed in the terms of the DFT; however, it declined to accept the position, leaving the Trust without any named successor.

[Beneficiaries] then asked Ms. Geer, an attorney, to become the Trustee, and she accepted the appointment on June 6, 2011. Immediately following her appointment, Ms. Geer began acting as the Trustee of the DFT with the permission and consent of [the Beneficiaries]. She began administering the Trust from the office of Geer and Herman, P.C., located in Lawrence County, Pennsylvania. Pennsylvania income tax returns were filed on behalf of the DFT by Ms. Geer for the years 2011 through 2016, a Trust bank account was opened in Pennsylvania, and Ms. Geer conducted all DFT business from her office in Lawrence County, Pennsylvania.

A dispute arose between the DFT and the NFT over the ownership of the United States trademark and related rights to the fictional character, Buck Rogers. Litigation ensued before the United States Patent and Trademark Office, the Patent and Trademark Appeals Board, and the federal district court in the Eastern District of Pennsylvania. Meanwhile, on November 28, 2017, Ms. Geer – purporting to act as Trustee – filed for Chapter 11 bankruptcy on behalf of the DFT. Ms. Geer did not seek the permission of [the Beneficiaries] prior to the bankruptcy filing, nor did she notify them after the filing. On August 26, 2018, after learning of the Chapter 11 filing from the Bankruptcy Court, [the Beneficiaries] sent written notice to Ms. Geer, informing her that she was no longer representing the DFT as Trustee. Despite receiving the August 26, 2018 notice, Ms. Geer continued to act and hold herself out as Trustee of the DFT.

During the bankruptcy action, Ms. Geer and her husband, Daniel Herman, acting as individuals, together with the NFT submitted a joint offer to the Bankruptcy Court to purchase all of the DFT assets, including any trademark and intellectual rights that the DFT might own with regard to Buck Rogers. Their offer was rejected. On February 20, 2019, the bankruptcy action was dismissed on the grounds that the DFT was not a business trust and therefore was not eligible for Chapter 11 relief.

Shortly after the bankruptcy dismissal, the DFT and the NFT resolved their dispute. On February 28, 2019, Ms. Geer, acting as Trustee of the DFT, signed a settlement agreement with the NFT. Pursuant to the terms of the settlement agreement, Ms. Geer entered into an asset purchase agreement, conveying any and all trademark and intellectual property rights owned by the DFT to the BRC for $300,000.00. As a result of this transaction, the federal action between the NFT and the DFT was voluntarily dismissed.

On April 17, 2019, Ms. Geer, acting as Trustee of the DFT, instituted the underlying action with the filing of a petition in the Court of Common Pleas of Lawrence County, Pennsylvania, Orphans' Court Division, seeking confirmation of her status as the Trustee of the DFT and seeking approval of her proposed distribution of the Trust assets. [Beneficiaries] opposed the petition, claiming that Ms. Geer had never been lawfully appointed as Trustee. The NFT and the BRC (collectively "Intervenors" [or "Appellants"]) filed a petition seeking to intervene in the orphans' court action, which the court granted on February 24, 2020, for the limited purpose of participating in the hearings to determine whether Ms. Geer is the legally authorized Trustee of the DFT. A bifurcated trial on the issue of Ms. Geer's status as Trustee, originally scheduled to be held in April 2020, was continued multiple times due to COVID-19 concerns and discovery issues, and was eventually held on April 22 and 23, 2021. Following the trial, the orphans' court ultimately entered an amended order on January 10, 2022, finding that Ms. Geer was lawfully appointed under Illinois law as the Trustee of the DFT on June 6, 2011, and that the Beneficiaries' August 26, 2018 writing purporting to remove Ms. Geer from her position as Trustee was ineffective.

*In re Dille Family Trust*, 2023 WL 5843798, unpublished memorandum, at

*1-2 (Pa. Super. filed September 11, 2023) (footnotes omitted). During the

- 3 -

pendency of this case, the $300,000.00 that Appellants paid for the assets of the DFT was transferred to the court's escrow account by order dated October 23, 2020. On September 13, 2022, Appellants filed a motion to expand intervention. The orphans' court denied the motion on October 14, 2022. Appellants appealed and complied with the orphans' court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Appellants raise one claim:

Did the [l]ower [c]ourt's [o]rder denying [i]ntervenors' the right to expand the scope of their participation constitute an abuse of discretion?

Appellants' Brief, at 3.

Before reaching the merits of Appellants' claim, we must decide whether the October 14, 2022, order is appealable. "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b))." *Nemirovsky v. Nemirovsky*, 776 A.2d 988, 991 (Pa. Super. 2001) (citations omitted). Appellants assert they are appealing under Rule 313, a collateral order. *See* Appellants' Brief, at 12. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will

- 4 -

be irreparably lost." Pa.R.A.P. 313(b). As such, there are three elements that Appellants must meet for this appeal to proceed.

Clearly, the order limiting Appellants status as intervenors is separate from and collateral to the underlying cause, which started with a dispute as to whether Attorney Geer is lawful trustee of the DFT. The issue here is the right to property – either the assets the DFT owns of trademark and intellectual property rights to Buck Rogers, or the $300,000.00 currently held in escrow that Appellants paid to the DFT for the trademark and intellectual property rights to Buck Rogers. Our Supreme Court has explained that "the rights involved must implicate more than just the individual parties in the matter, and, instead, must be deeply rooted in public policy going beyond the particular litigation at hand." ***K.C. v. L.A.***, 128 A.3d 774, 779 (Pa. 2015). "It is beyond peradventure that the right involved – the right to property – is deeply rooted in public policy." ***Nemirovsky***, 776 A.2d at 991. The right to property is a right too important to be denied review; Appellants met the second element. Finally, any rights Appellants have to the $300,000.00 held in escrow may be irreparably lost if they are not permitted to intervene to determine if the assets they believed they purchased belonged to the trust at the time they executed the purchase agreement for those assets. As such, the order limiting intervention is appealable as a collateral order, and we turn to the merits of Appellants' claim.

"Intervention is utilized to prevent multifarious actions and is permitted only where the party seeking it has an interest in or will be affected by the pending litigation." ***Bannard v. New York State Natural Gas Corp.***, 172 A.2d 306, 312 (Pa. 1961). "Intervention is a matter within the sound discretion of the trial court and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." ***Nemirovsky***, 776 A.2d at 991-92 (citation omitted). The court is guided by two Rules, 2327 and 2329, when determining whether to grant or deny intervention. ***See*** Pa.R.C.P. 2327, 2329. Rule 2327 defines who may intervene:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> > (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
> >
> > (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
> >
> > (3) such person could have joined as an original party in the action or could have been joined therein; or
> >
> > (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327. Rule 2329 limits who may intervene even if they meet one of the above criteria:

> Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if
>
> > (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or
> >
> > (2) the interest of the petitioner is already adequately represented; or
> >
> > (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.C.P. 2329.

In this case, Appellants were permitted to intervene for the limited purpose of participating in the hearings to determine whether Attorney Geer is the legally authorized Trustee of the DFT. Appellants assert, however, that they qualify for expanded intervention into the determination of what assets remain in the DFT after the Beneficiaries attempt to withdrawal all assets from the DFT on February 20, 2019, and how those assets will be distributed under Rule 2327(2) and (4). The orphans' court holds $300,000.00 in escrow, which represents the money paid by Appellants to DFT to purchase all DFT's remaining assets to Buck Rogers. *See* Orphans' Court Opinion, 1/9/23, at 5. The Beneficiaries of the DFT claimed to the orphans' court that they removed

all assets from the DFT prior to the purchase agreement between Appellants and Ms. Geer. ***See*** Petition for Citation to Show Cause, 4/17/19, at Exhibit 15; Preliminary Objections of the Beneficiaries, 6/25/19, at 11. Appellants argue that if this is true, then Appellants would have paid for nothing, and they would have a claim to the $300,000.00 held in escrow. Proper distribution of the remaining assets of the DFT has not been decided by the orphans' court. ***See*** Orphans' Court Opinion, 1/9/23, at 11, 13. Therefore, Appellants are "so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court" making them eligible to intervene under Rule 2327(2). ***See*** Pa.R.C.P. 2327(2). The same is then true that the final distribution of the remaining assets of the DFT "may affect [a] legally enforceable interest of [Appellants.]" ***See*** Pa.R.C.P. 2327(4).

Turning to Rule 2329, it cannot be said that Appellants' claims are not subordinate to nor in recognition of the propriety of the underlying action. The orphans' court has yet to decide what assets are left in the DFT and how those assets will be distributed, including the $300,000.00 held in escrow. Appellants have an interest in determining if they purchased the assets held by the DFT to Buck Rogers, as they intended to do with the purchase agreement on February 28, 2019.

We are not persuaded by Beneficiaries' claim that Appellants' interest is adequately protected, since Attorney Geer is arguing that Beneficiaries' attempt to withdraw all assets on February 20, 2019, was invalid. ***See***

Appellee's Brief, at 18. While Attorney Geer has taken the position that the Beneficiaries did not validly remove all assets from the DFT prior to the purchase agreement, she will not be at a loss for the $300,000.00 if the orphans' court finds that the Beneficiaries did in fact remove all assets from the DFT on February 20, 2019. It would be the Appellants who would be out this money and would have to start new litigation in an attempt to obtain a return of their funds. Appellants' large financial stake in the litigation cannot be said to be represented by Attorney Geer.

Finally, we do not believe that Appellants have unduly delayed their request for intervention. This ongoing legal dispute started when the NFT filed a trademark application with the United States Patent and Trademark Office in 2009, and the DFT filed a timely Notice of Opposition on June 14, 2011. **See Dille v. Geer**, 2020 WL 7624835, unpublished memorandum, at * 4 (E.D. Pa. filed Dec. 22, 2020) (the Court there also noted that "[t]his is but one skirmish in a multi-year, multi-lawsuit, multi-party war being fought over the rights to the fictional world of comic character Buck Rogers, a 25th century space explorer. It began with a feud between the Dille and Nowlan families – who are at the center of this dispute – which dates back to the 1920's."). In light of this protracted history, Appellants' intervention will not unduly delay the remaining proceedings and will save all parties from "a second go-round with all of its attendant expenses and consumption of judicial time."

Appellants' Brief, at 15; **see also Bannard**, 172 A.2d at 312 ("Intervention is utilized to prevent multifarious actions[.]").

The orphans' court denied expanded intervention because it believed that "[n]either of the [i]ntervenors has made any claim to the $300,000.00 [held in escrow by the court.]" Orphans' Court Opinion, 1/9/23, at 5-6. However, Appellants noted in their motion that they "have never recognized the removal by the Beneficiaries of the assets and property of DFT" and they asserted that "[a] finding that Beneficiaries did or did not withdraw all of the assets from DFT must be made prior to determining how the $300,000 will be distributed." Motion to Expand Scope of Intervenors' Participation, 10/14/22, at 2. Further, the orphans' court points to Appellants' Rule 1925(b) statement, at averment 8(g), for its belief that Appellants are not making a claim to the $300,000.00 held in escrow. **See** Orphans' Court Opinion, 1/9/23, at 6. While it is true that averment 8(g) states that the $300,000.00 should belong to the DFT, averment 8(g) must be read in conjunction with averment 8(h), which states, in relevant part, "before the lower court can order distribution of the $300,000 is the necessity to determine the validity of Beneficiaries' assertion that they removed all of the assets from DFT prior to execution of the [p]urchase [a]greement[.]" Statement of Reasons Complained of on Appeal, 12/9/22, at 4-5. Appellees also believe that Appellants have asserted a right to the $300,000.00 held in escrow. **See** Appellees' Brief, at 13-14 ("if the [t]rial [c]ourt were to determine that the Beneficiaries removed all of the

- 10 -

assets from the [DFT] prior to the [i]ntervenors' purported transaction, the [i]ntervenors' stake would remain entirely protected and, upon the [t]rial [c]ourt's directive, it could be refunded to them.").

Based on the foregoing, we find that the record does not support the orphans' court's position that Appellants are not asserting any right to the $300,000.00 held in escrow. Therefore, we are constrained to conclude that the orphans' court abused its discretion in denying Appellants' request to expand their intervention. Consequently, we reverse the orphans' court's order and remand to the orphans' court to allow Appellants to expand the scope of their intervention.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

5/14/2024