J-A10019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH MCCAIN, INDIVIDUALLY AND ON BEHALF OF MINOR CHILD A.M. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| | : | No. 3032 EDA 2023 |
| | : | |
| PATRICIA AMES, AMES LAW GROUP, DAWN HAMPTON, DAQUAN HAMPTON, AND MAUREEN TASHJIAN | : : : | |

Appeal from the Order Entered October 24, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220900977

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                            **FILED JULY 10, 2024**

Joseph McCain ("McCain"), individually and on behalf of minor child A.M., appeals from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying his petition to release from escrow the funds from his settlement agreement with Maureen Tashjian ("Tashjian"). Because the trial court erred in denying the petition, we reverse.

A.M. is the child of McCain and Dawn Hampton ("Mother"). A.M. currently resides with Mother in New Jersey. There are ongoing court proceedings in New Jersey regarding the custody of and support payments for A.M. Patricia Ames and Ames Law Group (collectively, "Ames") represent Mother in these proceedings. Tashjian is A.M.'s therapist.

On June 23, 2022, McCain filed a complaint with the trial court in which he alleged various claims of defamation against Ames and Tashjian ("the defamation suit"). Subsequently, on December 22, 2022, McCain filed the complaint in the instant matter in which he alleged claims of, inter alia, abuse of process, negligence, and invasion of privacy. Specifically, McCain asserted that Ames, Mother, and Tashjian violated provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania ("Public Access Policy")[1] by repeatedly using A.M.'s full name in pleadings, exhibits, and other filings in the defamation suit that not only publicly identified A.M., but also referenced A.M.'s mental health issues. McCain further alleged that Daquan Hampton ("Mr. Hampton"), Mother's nephew, illegally recorded a phone call that he had with McCain. McCain maintained that Mr. Hampton provided the recording to Mother, who used it to get a temporary restraining order against McCain that did not allow him any contact with A.M. for over a year.

On March 27, 2023, McCain and Tashjian reached a settlement agreement whereby McCain agreed to release Tashjian from all claims in the instant matter in exchange for $7,500.00. On June 20, 2023, the New Jersey Office of Child Support Services issued a notice to withhold to Allied World Insurance Company ("Allied"), Tashjian's malpractice insurance carrier, indicating that the State of New Jersey had a lien for past due child support

---

[1] The Public Access Policy is available at http://www.pacourts.us/public-records/public-records-policies (last visited 6/28/2024).

payments against the settlement that is due to McCain. Consequently, on August 14, 2024, the trial court entered an order directing Tashjian to deposit the settlement funds into the trial court's escrow account, and Tashjian and Allied complied.

On September 14, 2023, the New Jersey Office of Child Support Services issued a notice of release of lien notifying Allied that it was releasing Allied of the requirement to withhold the settlement funds due to McCain. On September 25, 2023, McCain filed a petition to release the settlement funds from the trial court's escrow account. Ames and Mother filed a response and cross-motion asserting that McCain owed $11,450.00 in arears for child support and requesting that the settlement payment be sent to New Jersey to satisfy this debt. On October 24, 2023, the trial court denied the petition to release the settlement funds and ordered that the funds be sent to New Jersey to satisfy McCain's child support obligation.

On November 27, 2023, McCain filed a notice of appeal from the order denying his petition to release the settlement funds.[2] On December 13, 2023, this Court received a letter from the trial court asserting that McCain's notice of appeal was untimely because he filed it more than 30 days after the entry of its order denying his petition to release the settlement funds. *See* Pa.R.A.P. 903(a) (stating that the notice of appeal "shall be filed within 30 days after

_____

[2] The same day, McCain also filed a motion for reconsideration of the order denying the release of the settlement funds, which the trial court denied.

the entry of the order from which the appeal is taken"). The trial court stated that it issued the order denying McCain's petition on October 24, 2023, and sent notice to the parties on October 27, 2023;[3] therefore, the court contended that the notice of appeal was due no later than Sunday, November 26, 2023. The trial court did not file a substantive opinion addressing the claims raised by McCain on appeal.

Addressing the timeliness of the notice of appeal first, the law is clear that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Thus, McCain's notice of appeal, which he filed on Monday, November 27, 2023, was timely. ***See id.***

Additionally, we must determine whether we have jurisdiction to decide this matter. Pennsylvania Rule of Appellate Procedure 341 provides that generally, an appeal may be taken as of right from a final order. Pa.R.A.P. 341. A final order is any order that "disposes of all claims and of all parties," or "is entered as a final order pursuant to [Rule 341(c)]." Pa.R.A.P. 341(b). Thus, by definition, an order that does not dispose of all claims as to all parties is interlocutory and not final. ***See id.***; ***see also Spuglio v. Cugini***, 818 A.2d

---

[3] "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b).

- 4 -

1286, 1287 (Pa. Super. 2003). The issue of finality and appealability of an order directly impacts our jurisdiction of the appeal. ***In re Estate of Celia***, 12 A.3d 374, 377 (Pa. Super. 2010). "[T]his Court has the power to inquire at any time, sua sponte, whether an order is appealable." ***Id.*** (brackets in original; citations omitted).

In the docketing statement for this appeal, McCain indicated that he seeks to appeal, as of right, from a collateral order pursuant to Pennsylvania Rule of Appellate Procedure 313. ***See*** Pa.R.A.P. 313(a) ("An appeal may be taken as of right from a collateral order of a trial court or other government unit."). Thus, on January 24, 2024, this Court issued a rule to show cause as to why the trial court's order denying McCain's petition to release the settlement funds was appealable as a collateral order Pennsylvania Rule of Appellate Procedure 313. Rule 313(b) defines a collateral order as "[1] an order separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). If an order satisfies the three-pronged test set forth in Rule 313(b), this Court may exercise jurisdiction of the appeal, even though it is not a final order. ***Rae v. Pa. Funeral Dir. Ass'n***, 977 A.2d 1121, 1125 (Pa. 2009). "If the test is not met, however, and in the absence of another exception to the final order rule, we have no jurisdiction to consider an appeal of such an order." ***Id.***

The first prong of collateral order doctrine, separability, is met where review of the order in question does not implicate the merits of the underlying dispute. *Ben v. Schwartz*, 729 A.2d 547, 551–52 (Pa. 1999). Here, the issue of the trial court directing the settlement funds to be sent to New Jersey to satisfy McCain's overdue child support payments is unquestionably separate and distinct from the merits of his underlying claims of professional negligence, invasion of privacy, and abuse of process against the defendants. Thus, McCain has satisfied the first prong.

"With respect to the second prong of the collateral order doctrine, a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *J.C.D. v. A.L.R.*, 303 A.3d 425, 431 (Pa. 2023) (quotation marks and citation omitted). Put another way, the collateral order must involve "rights deeply rooted in public policy going beyond the particular litigation at hand because it is not sufficient that the issue is important to the particular parties involved." *Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 372 (Pa. 2021).

In his response to our rule to show cause, McCain argues that this appeal satisfies the second prong of the collateral order doctrine because one of the interests involved is his right to personal property (i.e., the settlement funds). *See* Response to Rule to Show Cause, 2/5/2024, at 2 (unnumbered). This Court has held in the context of Rule 313 that "[i]t is beyond peradventure

that … the right to property … is deeply rooted in public policy." ***Nemirovsky v. Nemirovsky***, 776 A.2d 988, 991 (Pa. Super. 2001). As the right to property is a right too important to deny review, McCain has satisfied the second prong. ***See id.***

Finally, regarding the third prong of the collateral order doctrine, because the record contains evidence that McCain is in fact in arrears on his child support payments, ***see*** Cross Motion in Opposition to Plaintiff's Motion to Release Settlement Funds, 9/28/2023, Exhibits 1-2, he will not be able to recover any of the settlement funds if the trial court sends them to New Jersey, and thus, they will be irreparably lost. ***See*** Pa.R.A.P. 313(b). McCain has therefore satisfied the third prong. Accordingly, as the order denying McCain's petition to release the settlement funds is appealable as a collateral order, we now turn to address the merits of McCain's claims.

McCain presents the following questions for review:

1. Whether [the] trial court erred in ordering [McCain]'s gross settlement proceeds be sent to the State of New Jersey to satisfy [his] alleged overdue child support without any statutory or precedent case law authority, where no lien existed and no evidence of record that support was overdue?

2. Whether [the] trial court erred and abused [its] discretion by disregarding the New Jersey and Pennsylvania statutes [that] allow only net proceeds, not gross proceeds[,] to be [garnished] from any settlements for overdue child support payments and disregarding evidence that the lien issued by [the] New Jersey Office of Child Support was released?

3. Whether the trial court abused its discretion by granting standing to Defendants Dawn Hampton, Ames Law Group, and/or Patricia Ames to function as [designated] agents of the State of

- 7 -

New Jersey and/or to intervene in the distribution of the settlement proceeds[?]

4.      Whether the trial court erred in denying [McCain's] motion to release the proceeds from [his] settlement with [Tashjian] directly to [McCain].

McCain's Brief at 4.

Because McCain's first, second, and fourth issues are related and dispositive of this appeal, we will address them together.  These issues each involve the application of statutes that govern the garnishment of settlement funds for overdue child support payments.  The application of a statute is a question of law, and our standard of review is de novo and the scope of review is plenary.  **Verdini v. First Nat'l Bank of Pa.**, 135 A.3d 616, 619 n.4 (Pa. Super. 2016).

In his first, second, and fourth issues, McCain argues that the trial court lacked the authority under 23 Pa.C.S. § 4308.1, which governs the collection of overdue child support from monetary awards, to garnish his settlement funds to satisfy his overdue child support payments.  McCain's Brief at 9-12. McCain further contends that section 4308.1 only permits the court to garnish the "net proceeds" of a settlement award for overdue child support payments and that consequently, the trial court erred in garnishing the entirety of the settlement award.  **Id.** at 14-15, 19-20.

Section 4308.1(a) provides:

**(a) General rule.--**Overdue support shall be a lien by operation of law against the net proceeds of any monetary award, as defined in subsection (i), owed to an obligor, and distribution of any such

- 8 -

award shall be stayed in an amount equal to the child support lien provided for under this section pending payment of the lien. Except as provided in subsection (c) or (f), nothing in this section shall provide a basis for a paying agent or an insurer to delay payment of a settlement, verdict or judgment.

23 Pa.C.S. § 4308.1(a).

Section 4302 defines "overdue support" as "[s]upport which is delinquent under a payment schedule established by the court." *Id.* § 4302.

Per section 4308.1(i), a "monetary award" is:

[a]ny portion of a settlement paid as a lump sum negotiated in lieu of, or subsequent to[,] the filing of a lawsuit for, or any civil judgment or civil arbitration award that is paid as a third party claim for bodily injury or death under a property and casualty insurance policy, or paid as a workers' compensation or occupational disease act award under a workers' compensation policy.

*Id.* § 4308.1(i). "Net proceeds" are any "excess of $5,000 payable to a prevailing party or beneficiary ... after payment of attorney fees, witness fees, court costs, reasonable litigation expenses[.]" *Id.* Thus, as this Court has explained, "the 'net proceeds' attributable to the automatic lien provision contained within [section] 4308.1 are limited to those amounts in excess of $5,000.00." *Coffman v. Kline*, 167 A.3d 772, 778 (Pa. Super. 2017).

The certified record reflects that McCain settled his claims against Tashjian for $7,500.00. *See* Memorandum of Law in Support of Tashjian's Motion to Discontinue, 11/8/2023, Exhibit A. In their response to McCain's petition to release the settlement funds, Ames and Mother presented documentation from the State of New Jersey that McCain owed $11,450.00 in

child support. *See* Cross Motion in Opposition to Plaintiff's Motion to Release Settlement Funds, 9/28/2023, Exhibits 1-2. At first glance, McCain's overdue child support obligation would appear to create a lien by operation of law on the settlement funds under section 4308.1(a). Under section 4308.1(i)'s definition of monetary award, however, Tashjian's settlement payment was neither paid as a third-party claim for bodily injury or death nor was it paid under a property or casualty insurance policy. Instead, the applicable insurance policy issued by Allied, which made the settlement payment on behalf of Tashjian, was a workers' professional and business liability policy. *See* Memorandum of Law in Response to Defendants Motion to Collect Overdue Child Support from Plaintiff's Settlement Funds, 8/7/2023, Exhibit C. Thus, under section 4308.1(a), McCain's overdue child support payments did not create a lien by operation of law on the settlement funds and the trial court had no basis under that provision to withhold his settlement funds.

Even if McCain's overdue child support obligation created a lien against the settlement funds under section 4308.1(a), McCain would still be entitled to, at a minimum, $5,000.00. *See* 23 Pa.C.S. § 4308.1(a), (i). The trial court would then need to calculate the "net proceeds," as defined in section 4308.1(i), to determine what portion of the remaining $2,500.00 of the settlement funds could be collected to satisfy the child support obligation. *See id.* The record does not reflect that the trial court made any such calculation or determination in this case.

Additionally, as McCain points out, under 23 Pa.C.S. § 4305, a county's Domestic Relations Section ("DRS") has certain powers and duties associated with aiding to effectuate the payment of overdue child support obligations. Section 4305 provides, in pertinent part, as follows:

> **(b) Additional powers.--**Subject to the supervision and direction of the court but without the need for prior judicial order, the domestic relations section shall have the power to expedite the establishment and enforcement of support to:
>
> \* \* \*
>
> (10) Issue orders in cases where there is a support arrearage to secure assets to satisfy current support obligation and the arrearage by:
>
> \* \* \*
>
> (ii) Intercepting or seizing judgments or settlements.

23 Pa.C.S. § 4305(b)(10)(ii). Unlike section 4308.1(a), under section 4305(b)(10)(ii), there are no limitations on the type or amount of settlement award that DRS can collect. *Compare* 23 Pa.C.S. § 4308.1(a) *with* 23 Pa.C.S. § 4305(b)(10)(ii).

In this case, however, there is no indication in the record that DRS issued any order to seize the settlement funds to satisfy McCain's overdue child support obligation. Thus, the trial court had no basis to withhold the settlement funds from McCain under section 4305.

Lastly, while the record contains evidence that the New Jersey Office of Child Support Services initially placed a lien on the settlement funds because of overdue child support payments on June 20, 2023, the record also reflects

that the Office of Child Support Services released that lien on September 14, 2023. *See* Memorandum of Law in Response to Defendants Motion to Collect Overdue Child Support from Plaintiff's Settlement Funds, 8/7/2023, Exhibit C; Plaintiff's Response in Opposition to Defendant Tashjian's Motion to Discontinue, 11/28/2023, Exhibit A. Therefore, the record also reflects that the New Jersey Office of Child Support services does not presently have any lien on the settlement funds.[4]

Based on the foregoing, we conclude that the trial court had no legal basis to withhold the $7,500.00 in settlement funds from McCain. Consequently, the trial court erred in denying McCain's petition to release the settlement funds. We therefore reverse the order denying McCain's petition and remand this matter to the trial court for proceedings consistent with this decision.[5]

_____

[4] We note that none of the appellees in this case have filed a responsive brief in this case. Thus, there is no argument raised in opposition to McCain's claims before this Court. Additionally, there is no argument in this appeal that New Jersey law applies over Pennsylvania law, nor does the record reflect that any party raised a choice of law question before the trial court. As such, we have applied Pennsylvania law to decide this appeal from a Pennsylvania court order. Nonetheless, we observe that even if New Jersey law applied, McCain would still be entitled to relief. Under New Jersey law, McCain would be entitled to, at a minimum, $2,000.00 of the $7,500.00 settlement in this case. *See* N.J.S.A. § 2A:17-56.23b(a) (permitting the garnishment of any settlement award "in excess of $2,000, payable to the prevailing party or beneficiary after attorney fees, witness fees, court costs").

[5] Because McCain is entitled to relief based on our resolution of his first, second, and fourth issues, we do not need to address his third issue.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2024